{¶ 20} I concur in the majority's decision to dismiss appellants' appeal as it relates to the denial of appellant's motion to intervene. However, I reach this conclusion not for the reason relied upon by the majority; i.e., because this Court is now aware the permanent custody issue has been held and concluded and the parties will have an opportunity to litigate the issues presented herein in these appeals. I believe such analysis avoids the issue of determining whether the denial of appellants' motion to intervene is a final appealable order at this time. The fact we are aware there are two appeals separately pending in this Court from an entry granting the agency permanent custody should not effect whether appellants' instant appeal of the denial of their motion to intervene was a final appealable order when entered on November 29, 2004.
 {¶ 21} Nevertheless, I concur in the majority's dismissal of this portion of the appeal. The denial of appellants' motion to intervene is not a final order under R.C. 2505.02(B) because Juv. R. 2 does not provide the appellants a right to intervene. Therefore the order denying their motion does not affect a substantial right.
 {¶ 22} I respectfully dissent from the majority's decision to also dismiss appellants' appeal of the dismissal of their motion for custody. Unlike their motion to intervene, I find dismissal of their motion for custody did affect their substantial right and determined that action.
 {¶ 23} The trial court dismissed appellants' motion for custody as being moot in light of appellee's pending motion for permanent custody. Though it may have been later rendered moot by the trial court's subsequent grant of permanent custody to the agency, I do not believe it was moot at the time the trial court dismissed it (November 29, 2004). Accordingly, I believe this Court ought to address the merits of appellants' second assignment of error.
 {¶ 24} Appellants' motion for custody was made pursuant to R.C.2151.353(A)(3). (Appellants' Brief at 5). Because it was not made prior to the dispositional hearing with respect to the adjudication of dependency of the child made on April 14, 2004, I find it untimely. Accordingly, I find the trial court reached the correct result, but for the wrong proffered reason. I would overrule appellant's second assignment of error and affirm the trial court's dismissal of appellants' motion for custody.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellants' assignments of error are dismissed as being premature. Costs to appellant.